IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LAWRENCE PITEO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JULIO ALGUERIN, et al. | : | NO. 08-342 |

**ORDER-MEMORANDUM**

**AND NOW,** this 4th day of November, 2008, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and consideration of Petitioner's and Respondents' Objections to the Magistrate Judge's Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. Respondents' Objections to the Report and Recommendation are **OVERRULED**;

3. The Report and Recommendation is **APPROVED** and **ADOPTED**;

4. The Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**; and

5. There is no basis for the issuance of a certificate of appealability.

6. The Clerk shall **CLOSE** this case statistically.

Petitioner was convicted of aggravated assault, simple assault, resisting arrest, and possession of an instrument of crime on November 2, 2006, following a bench trial. He was sentenced to twelve to twenty-four months of imprisonment and five years of probation. He is presently on probation.

Petitioner filed a motion for reconsideration of his sentence on February 2, 2007. That Motion was denied on May 7, 2007, following a hearing. Petitioner forwarded an appeal to the

Superior Court which was returned to him, unfiled, on May 31, 2007, because he had not attached the filing fee. On June 7, 2007, Petitioner sent checks for the filing fee to the Superior Court. (Pet. Ex. C.) These checks were cashed on June 13, 2007. (Id.) On June 19, 2007, the Montgomery County Court of Common Pleas refused to refund Piteo's bail money, on the ground that his criminal case was not yet complete because its status was "Awaiting Appellate Court Decision." (Pet. Ex. D.) Petitioner's appeal was, however, never filed.

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 19, 2008. He did not file a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546, prior to filing the instant Petition. A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted his available remedies in state court. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) (citing 28 U.S.C. §§ 2254(b)(1), (c)); Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted); Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007) (citations omitted); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citations omitted). A state prisoner must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues . . . ." O'Sullivan, 526 U.S. at 845; Nara, 488 F.3d at 197 (quoting O'Sullivan, 526 U.S. at 845); see also Woodford v. Ngo, 548 U.S. 81 (2006). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Petitioner obviously has not presented any of the claims he makes in the instant Petition to the Superior Court of Pennsylvania on direct review or on collateral review under the PCRA. Consequently, he has failed to exhaust his available state remedies. The exhaustion requirement

may be excused if requiring exhaustion would be futile. <u>Werts v. Vaughn</u>, 228 F.3d 178, 192 (3d Cir. 2000) (citations omitted).

Magistrate Judge Scuderi recommends that the exhaustion requirement should not be excused in this case because there is an available procedure Petitioner may use to present his claims in state court. The time for Petitioner to file an appeal in the Superior Court has clearly passed. He may, however, be able to file a PCRA petition asserting the claims raised in the instant Petition. With certain exceptions, the PCRA's statute of limitations requires claims for relief to be filed within one year of the date the petitioner's judgment became final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final . . ."). Defendant's conviction became final on June 6, 2007, when the thirty day period for the filing of an appeal to the Superior Court expired. Pa. R. App. P. 903. Consequently, unless one of the exceptions applies, the time for Petitioner to file a PCRA petition has expired.

Magistrate Judge Scuderi has determined that one of the exceptions to the PCRA's statute of limitations may apply in this case. We agree. The PCRA provides that the statute of limitations does not apply where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States . . . ." 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i). As discussed above, Petitioner has evidence that he paid the filing fee for his appeal[1] and that employees of the Montgomery County Court of Common Pleas led him to believe

---

[1] Petitioner has presented evidence that the checks he sent to pay his filing fee were cashed, even though they were sent after the thirty day period for filing an appeal had expired. (Pet. Ex. C.)

that the Superior Court was, indeed, considering his appeal. (Pet. Exs. C, D.) Petitioner thus has a colorable argument that he was prevented from timely raising his claims in state court because state court employees led him to believe that his unfiled appeal to the Superior Court had been filed and was pending before the Superior Court.

Defendants object to the Magistrate Judge's recommendation that the Petition be dismissed without prejudice. They argue that the governmental interference exception to the PCRA's one year statute of limitations does not apply in this case because there is no reason to believe that state court personnel violated state or federal law in handling Petitioner's appeal. The PCRA court could, however, find that the misleading information provided to Petitioner with respect to his Superior Court appeal violated his procedural due process rights and conclude that the exception applies. Defendants' objection is, accordingly, overruled.

Petitioner also objects to the Magistrate Judge's recommendation that his Petition be dismissed without prejudice. He disagrees with the Magistrate Judge's recommendation that the exhaustion requirement not be excused in this case because he was earlier prevented from presenting his claims to the Superior Court. We find that Petitioner may be able to present his claims to the PCRA court and, consequently, that the exhaustion requirement should not be waived. Petitioner also objects the Report and Recommendation on the ground that Magistrate Judge Scuderi took too long to make his recommendation. Both of these objections are overruled.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.